IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SCOTT JAMES SHRADER | ) Case Number: 10-41701 |
| | ) |
| DEBTOR | ) |

| | |
|---|---|
| JAMES HICKS AND BRENDA HICKS | ) |
| | ) |
| PLAINTIFFS | ) |
| | ) Adversary Proceeding No. 10-40089 |
| VS. | ) |
| | ) |
| SCOTT JAMES SHRADER, DANIEL | ) |
| SHRADER, RON SHRADER, ABC | ) |
| HOMES, LLC. and TIKI MICHELLE | ) |
| SHRADER | ) |
| | ) |
| DEFENDANT | ) |

## AMENDED COMPLAINT

### COUNT ONE

1. This Court has jurisdiction of this adversary proceeding and the subject matter hereof under 28 U.S.C. § 1334, 28 U.S.C. §157, and under the orders of reference entered by the United States District Court for the Northern District of Alabama, as well as under other applicable law.

2. The subject matter of this adversary proceeding is a "core proceeding," as that term is described in 28 U.S.C. §157. If a determination is made in this action that the proceedings involve non-core matters, Plaintiffs consent to the entry of final orders or judgments by the Bankruptcy Judge.

3. Plaintiff's state law claims are subject to this Court's pendant jurisdiction.

4.   Defendant Scott James Shrader("Debtor"), the Defendant herein, did file a petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Court on or about the 15th day of June, 2010, in the U.S. Bankruptcy Court for the Northern District of Alabama, Eastern Division. The action being "In re: Scott James Shrader, Case Number: 10-41701," which said case is the case to which this adversary proceeding relates.

5.   Defendant Debtor resides in the jurisdiction and/or otherwise is subject to the personal jurisdiction of this Court.

6.   Defendant ABC Homes, LLC ("ABC Homes") is an Alabama limited liability company located at 1000 Gault Avenue North, Fort Payne, Alabama and/or otherwise is subject to the personal jurisdiction of this Court.

7.   Defendant Daniel Shrader ("D. Shrader") is a resident of DeKalb County, Alabama at 1286 County Road 18, Fyffe, Alabama and/or otherwise is subject to the personal jurisdiction of this Court.

8.   Defendant Debtor and Defendant D. Shrader were designated as managing partners of ABC Homes

9.   Defendant Ron Shrader ("R. Shrader") is a resident of DeKalb County, Alabama at 2715 Alabama Avenue NW, Fort Payne, Alabama 35967 and a member of ABC Homes.

10.  Defendant Tiki Michelle Shrader ("Tiki Shrader") is a resident of DeKalb County, Alabama and the spouse of Debtor.

11.  Defendant Debtor owned 80% of ABC Homes, Defendant D. Shrader owned 10% and Defendant R. Shrader owned 10%.

12.  The individual Defendants, Debtor, D. Shrader, and R. Shrader, have, at all times material to this action, ignored the separate existence of ABC Homes, using it as their alter

ego, agent and instrumentality, in the following ways: the original capital of the corporation was paid by the individual defendants, and the corporation was grossly undercapitalized. The individual defendants have been paying personal debts with funds taken from ABC Homes' accounts. They freely commingle corporate funds with their personal accounts. No corporate formalities have been, or are, observed. The individual defendants do not meet regularly as shareholders or directors, pay taxes, or keep proper records or minutes for ABC Homes.

13. Recognition of the corporate entity of ABC Homes b this Court would permit the Defendants, Debtor, D. Shrader, and R. Shrader to commit fraud, mislead creditors, evade personal responsibility, perpetrate injustice in that the individual Defendants caused ABC Homes to become insolvent, appropriated its assets leaving Plaintiffs without recourse against ABC Homes.

14. Plaintiffs are residents of DeKalb County, Alabama and submit to the jurisdiction of this Court.

15. On or about August 11, 2009, Plaintiffs and Defendants, Debtor and ABC Homes entered into a contract whereby Plaintiffs agreed to purchase for $198,500.00 a house and Defendants agreed to construct it.

16. Pursuant to said contract "If the [Plaintiffs] or the [Scott Shrader and ABC Homes] shall default on the contract, the non-defaulting party may declare the contract is in default and proceed against the defaulting party for the recovery of all damages incurred as a result of said breach of contract, including a reasonable attorney's fee. In the case of a defaulting [Plaintiff], the Earnest money herein mentioned shall be applied to the legally ascertained damages.

17. On September 28, 2009, Plaintiffs paid to ABC Homes the sum of $9,700.00. Thereafter, pursuant to change orders and progress payments, Plaintiffs paid to ABC Homes in excess of $160,000.00.

18. Defendant Debtor embezzled or stole money from ABC Homes belonging to Plaintiffs.

19. The damages caused to Plaintiffs by Defendant Debtor were the result of the embezzlement or larceny.

20. As a consequence of the embezzlement and/or larceny of the Defendant Debtor, Plaintiffs hold claims against the said Defendant Debtor for their damages, which said claims are nondischargeable under the provision of 11 U.S.C. §523(a)(4).

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award the Plaintiffs compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00 against Scott Shrader, Daniel Shrader, Ron Shrader and ABC Homes, LLC.

B. That the Court determine and declare Defendant Scott Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(4).

## COUNT TWO

21. Plaintiffs reallege the allegations in paragraphs 1-20.

22. Debtor and Tiki Shrader conspired together to unlawfully embezzle or steal money from ABC Homes belonging to Plaintiffs.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief;

A. Award the Plaintiffs compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00 against Scott Shrader, Daniel Shrader, Ron Shrader, ABC Homes, LLC and Tiki Shrader.

B. That the Court determine and declare Defendant Scott Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(4).

## COUNT THREE

23. Plaintiffs reallege the allegations in paragraphs 1-22.

24. Defendants Debtor and ABC Homes represented to Plaintiffs that the $9,700.00 deposit and all prepaid change orders would be applied toward the work or specific change order.

25. The representations made by said Defendants were false and Plaintiffs relied on these misrepresentations.

26. Defendants committed actual fraud.

27. As a consequence of the actual fraud of the Defendants, Debtor and ABC Homes, Plaintiffs hold claims against the said Defendants for their damages, which said claims are nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00 against Scott Shrader, Daniel Shrader, Ron Shrader, ABC Homes, LLC.

B. That the Court determine and declare Defendant S. Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

## COUNT FOUR

28. Plaintiffs reallege the allegations in paragraphs 1-27.

29. Defendants Debtor, D. Shrader and ABC Homes further represented to Plaintiffs that all payments would be applied to the construction of their house.

30. Defendants instead used the funds to cover other construction projects and pay personal expenses.

31. These representations were false and Plaintiffs relied on these misrepresentations.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs pray for an order of this Court granting the following relief:

A. Award compensatory damages, interest, attorney fees, and punitive damages in excess of $160,000.00 against Scott Shrader, Daniel Shrader, Ron Shrader, and ABC Homes, LLC

B. That the Court determine and declare Defendant Scott James Shrader's obligation to Plaintiffs be nondischargeable under the provisions of 11 U.S.C. §523(a)(2)(A).

## COUNT FIVE

32. Plaintiffs reallege the allegations in paragraphs 1-31.

33. Defendants Debtor and ABC Homes breached said agreement by failing to complete the construction of the house, leaving a deficiency of over $60,000.00 needed to complete house.

34. Plaintiff claim a reasonable attorney's fee pursuant to said agreement.

WHEREFORE, Plaintiffs demand judgment against Defendants Scott Shrader, Daniel Shrader, Ron Shrader and ABC Homes, LLC in the sum of ($60,000.00), plus a reasonable attorney's fees, plus interest and costs.

## COUNT SIX

35. Plaintiffs reallege the allegations in paragraphs 1-34.

36. Based on preliminary discovery, Plaintiffs have been able to identify at least four primary accounts used by Defendant Debtor and his family from 2008 until the filing date of the Chapter 7 bankruptcy on June 15, 2009; and from bank accounts used immediately after that date into which significant deposits were made.

37. Defendant Debtor operated under a number of business names.

38. Most or all of the business entities were operated out of the residence of Defendant Debtor.

39. Despite having paid in advance and with progress payments several consumers never received their houses.

40. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 1, Defendant Debtor reported income as follows:

| Amount: | Source: |
|---|---|
| $14,142.00 | 2009: Husband Employment Income |
| $14,731.00 | 2008: Husband Employment Income |
| $ 8,763.00 | 2007: Husband Employment Income |

This is demonstrably false.

41. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 3b, List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case, the box is checked for none. This is demonstrably false.

42. In the Statement of Financial Affairs completed and signed under penalty of perjury, in answer to Question 7 Gifts to family, list all gift or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and

charitable contributions aggregating less than $100 per recipient, the box is check for none. This is demonstrably false.

43. In Schedule B - Personal Property completed and signed under penalty of perjury, the Defendant Debtor reported only one checking account at Compass Bank with $1,000.00. This is demonstrably false.

44. In Schedule B - Personal Property completed and signed under penalty of perjury, interests in incorporated or unincorporated businesses Defendant Debtor checked none. This is demonstrably false.

45. Plaintiffs further aver that based upon the foregoing facts and others that will be developed in the course of discovery, the Defendant Debtor's actions are in contravention of the provisions of 11 U.S. C. §727(a)(2),(3), (4), (5), (6), or (7) and, therefore, constitute grounds to deny the Debtor's discharge.

WHEREFORE THESE PREMISES CONSIDERED, Plaintiffs pray:

A. That Defendant Scott Shrader be required to answer in the time allowed by law;

B. That upon a hearing of this matter, the Court deny the discharge of the Defendant/Debtor Scott Shrader; and

C. That the Court grant such other relief as is just and proper.

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN
Attorney for Plaintiff
212 Alabama Avenue South
P.O. Box 680925
Fort Payne, AL 35968
(256) 845-7900

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the above named debtor or its attorney of record and the Trustee, by placing same in the U.S. Mail postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4 of the Court's Administrative Procedures.

      Done this the 13th day of January, 2011.

                                              /s/ Stephen P. Bussman
                                              STEPHEN P. BUSSMAN