## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **SCOTT JAMES SHRADER** | ) **Case Number: 10-41701** |
| | ) |
| **DEBTOR** | ) |

| | |
|---|---|
| **JAMES HICKS AND BRENDA HICKS** | ) |
| | ) |
| **PLAINTIFFS** | ) |
| | ) **Adversary Proceeding No. 10-40089** |
| VS. | ) |
| | ) |
| **SCOTT JAMES SHRADER, DANIEL** | ) |
| **SHRADER, RON SHRADER, ABC** | ) |
| **HOMES, LLC. and TIKI MICHELLE** | ) |
| **SHRADER** | ) |
| | ) |
| **DEFENDANT** | ) |

## MOTION TO JOIN

Plaintiffs James and Brenda Hicks move this Court for an order making the

Homeowners' Recovery Fund (the "Fund") of the State of Alabama's Home Builders Licensure

Board (the "Board") a party Defendant herein and directing the issuance and service of process

on it, and as grounds therefor would show:

1.     This is an action to determine the dischargeability of the Debtor Scott Shrader's

embezzlement or larceny and/or actual fraud, and for state claim of conspiracy, breach of

contract, gross negligence, incompetence, and/or misconduct against Debtor and ABC Homes,

LLC, Scott Shrader, Daniel Shrader, Ron Shrader, and Tike Michelle Shrader.

2.     The regulations of the Board provide

465-X-7-.02   Procedure for Making a Claim Against the Homeowners' Recovery Fund.

(1) The following procedure shall be followed by a homeowner when making a claim against the Homeowner's Recovery Fund for actual economic damages sustained within the State of Alabama as the direct result of a licensed residential home builder's gross negligence, incompetence, and/or misconduct in the practice of residential home building or a violation by a licensed residential home builder of the rules and regulations of the Board:

. . .

( c) When the Board receives proper notice that a civil action has been commenced which may result in liability for the Homeowners' Recovery Fund, *the Board may, at any time during the course of the proceedings, enter an appearance, file pleadings* and appear at court hearings, *defend or take action it deems appropriate either on the behalf and in the name of the defendant or in its own name. The Board may seek any appropriate method of judicial review. The Board may settle or compromise the claim.*

. . .

(e) In order for the Homeowners' Recovery Fund to be liable to a homeowner, the homeowner shall first obtain a valid judgment, *excluding a consent judgment,* from a court of competent jurisdiction against the licensed home builder and said judgment shall be based on the home builder's gross negligence, incompetence, and/or misconduct in the practice of residential home building or a violation of the rules and regulations of the Board. The home builder must have been licensed at the time the acts constituting gross negligence, incompetence, or misconduct in the practice of residential home building were committed or the violation of the rules and regulations of the Board occurred and at the time the parties entered into the construction contract.

(f) After a homeowner obtains a valid judgment, *excluding a consent judgment,* in a court of competent jurisdiction against a licensed home builder on the grounds of gross negligence, incompetence and/or misconduct in the practice of residential home building or a violation of the rules and regulations of the Board, the homeowner shall, when the judgment is final, make reasonable efforts to collect the judgment from the licensed home builder. Thereafter, if the homeowner desires to seek recovery from the Homeowners' Recovery Fund, the homeowner shall:

(1) *File a verified claim for actual economic damages in the court in which the judgment was entered; and*

(2) Give the Board 30 days written notice that the homeowner intends to apply to the court for an order directing payment out of the Homeowners' Recovery Fund of the amount remaining unpaid on the judgment. Said notice shall include:

(i) The date the judgment was entered by the court, the amount of the judgment, and the amount of the judgement attributable to actual economic damages; and,

(ii) An itemized list of the actual economic damages incurred which forms the basis of the aggrieved homeowner's claim against the Homeowners' Recovery Fund. This list shall include the actual economic damages incurred b the homeowner, a description of the repairs reasonable and necessary to correct the damages, and an estimate, submitted b a licensee of the Board, of the reasonable cost of repairing the damages incurred. The homeowner shall also submit copies of any contracts entered into by the parties and any building specifications and/or construction drawings used in building the residence; and

(iii) The amount owing on the judgment. In showing the amount owing on the judgment, the homeowner shall show evidence of reasonable efforts made by the homeowner to collect the judgment from the licensed home builder/judgment debtor. The homeowner shall provide documentation showing: what steps have been taken by the homeowner to locate the licensed home builder/judgment debtor; what steps the homeowner has taken to discover if the licensed home builder/judgment debtor has assets from which to collect the judgment, including but not limited to bank accounts, real and/or business property and equipment; what steps the homeowner has taken to determine whether or not the licensed home builder is insured and if insured, that the homeowner has filed a claim with licensed home builder's/judgment debtor's insurance carrier; what action has been taken by the homeowner to file alien against the licensed home builder/judgment debtor; and, what action has been taken by the homeowner to file a garnishment.

(g) *After expiration of the 30 day notice requirement, the homeowner shall make application to the court for an order directing payment out of the Homeowners' Recovery Fund. When the homeowner's application to the court for an order directing payment out of the Homeowners' Recovery Fund is set for hearing, the homeowner shall be required to show:*

1. That he or she is not the spouse, child, or parent of the debtor, or the personal representative of the spouse, child, or parent or a shareholder officer or director of the debtor; and,

2. That he or she has obtained a judgment, other than a consent judgment, based on the gross negligence, incompetence and/or misconduct of a licensed home builder in the practice of residential home building or a violation by a licensed home builder of the rules and regulations of the Board; and,

3. That the home builder was licensed at the time of the occurrence of the acts which form the basis of the complaint and which resulted in a judgment for the homeowner based on the licensed home builder's gross negligence, incompetence, and/or misconduct in the practice of residential home building or a violation by a licensed home builder of the rules and regulations of the Board and that the licensed home builder was licensed at the time the parties entered into the construction contract; and,

4. The amount of the judgment awarded by the court and the amount of the judgment attributable to actual economic damages, i.e., the reasonable cost of repairing the damages, other than minor cosmetic damages, sustained by the homeowner as the direct result of the licensed home builder's gross negligence, incompetence and/or misconduct in the practice of residential home building or a violation of the rules and regulations of the Board. Actual economic damages shall not include interest, damages awarded for pain and suffering or mental anguish, damages awarded for loss of consortium, damages which are the result of acts of the homeowner, court costs or attorney fees. The evidence required to show actual economic damages shall include, but not be limited to, an itemized list of the damages incurred, a description of the repairs reasonable and necessary to correct the damages and an estimate, submitted by a licensee of the Board, of the reasonable cost of repairing said damages; and,

5. That the homeowner has joined any and all bonding companies which issued corporate surety bonds to the judgment debtor as principal and all other necessary parties; and,

6. That the following items, if recovered by the homeowner, have been applied to the actual economic damages:

(i) Any amount recovered from the judgment debtor.

(ii) Anu amount recovered from bonding companies.

(iii) Any amount recovered in out-of-court settlements.

(2) The Board may review and challenge the actual economic damages submitted by the homeowner and the Board may submit evidence to dispute said damages. The Board may also challenge, as inadequate, the steps taken by the homeowner to collect the judgment.

(3) Failure of the homeowner to follow the provisions set forth in this chapter of these Rules for making a claim against the Homeowners' Recovery Fund shall preclude payment from the Fund.

(Emphasis Added.)

3.    The Regulations of the Board require the Fund of the Board to be a party to achieve finality.

4.    The said Fund of the Board is subject to the jurisdiction of this Court and is an indispensable party to the just adjudication of this cause.

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN
Attorney for Plaintiffs
212 Alabama Avenue South
P.O. Box 680925
Fort Payne, AL 35968
(256) 845-7900

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing amended complaint upon debtor's attorney Shaunathan Bell at clint_b27@yahoo.com and Rocco Leo, Trustee at rleo@leoandoneal.com and the following parties by placing same in the U.S. Mail postage prepaid and properly addressed on this the 18th day of February, 2011.

Scott Shrader
2730 Alabama Avenue NW
Fort Payne, AL 35967

Daniel Shrader
1286 County Road 18
Fyffe, AL 35971

ABC Homes, LLC
1000 Gault Avenue N.
Fort Payne, AL 35967

Tiki Michelle Shrader
2730 Alabama Avenue NW
Fort Payne, AL 35967

Ron Shrader
2715 Alabama Avenue NW
Fort Payne, AL 35967

Jamie A. Durham
445 Herron Street
Montgomery, AL 36130

/s/ Stephen P. Bussman
STEPHEN P. BUSSMAN