## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| SCOTT JAMES SHRADER ) | CASE NO: 10-41701 |
| ) | |
|    Debtors. ) | |
| ) | |
| JAMES HICKS and BRENDA HICKS, ) | |
| ) | |
|    Plaintiffs, ) | ADVERSARY PROCEEDING |
| ) | NO: 10-40089 |
| ) | |
| vs. ) | |
| ) | |
| SCOTT JAMES SHRADER; DANIEL ) | |
| SHRADER; RON SHRADER; ABC HOMES ) | |
| LLC; TIKI MICHELLE SHRADER, ) | |
| ) | |
|    Defendants. ) | |
| ) | |

## JOINT MOTION TO DISMISS THE HOMEOWNERS' RECOVERY FUND OF THE STATE OF ALABAMA HOME BUILDERS LICENSURE BOARD AS PARTY

COMES NOW, the state of Alabama Home Builders Licensure Board (the "Board"), jointly with the remaining parties in this case, and move this honorable Court for an order dismissing the Homeowners' Recovery Fund of the State of Alabama Home Builders Licensure Board as a party to this action, and as grounds thereof shows as follows:

1.    This action is brought before the court to remedy a dispute between the homeowners, James and Brenda Hicks, ("the Hicks") and the builder, ABC Homes, LLC.

The Board was not involved in the construction of the residence or the contract which is the basis of this action.

2.      The Board received notice from the Hicks pursuant to Ala. Code § 34-14A-15 of the filing of the suit on October 8, 2010. (Exh. A.)

3.      On January 24, 2011, the Board filed a limited appearance of record as a non-party on behalf of the Fund. (Exh. B.)

4.      On March 28, 2011, the Board received Notice of continued/Rescheduled Hearing setting the hearing on Plaintiff's February 20, 2011, Motion to Join the Homeowners' Recovery Fund of the State of Alabama's Home Builders Licensure Board as a party Defendant for March 24, 2011. (Exh. C.)

5.      On March 31, 2011, the Board received the order, issued March 25, 2011, granting the plaintiff's motion. (Exh. D.)

6.      Pursuant to Ala. Code § 34-14A-2 (3), the Home Builders Licensure Board is the Board created to regulate the home building and residential construction industry.

7.      Pursuant to Ala. Code § 34-14A-15, the Board established a Homeowners' Recovery Fund (the "Fund") from which an aggrieved homeowner may recover actual economic damages, sustained as a direct result of conduct of a licensee in violation of the Act or the rules and regulations of the Board.

8.      The plaintiffs state in their Motion to Join filed with the court on February 20, 2011, that the regulations of the Board require the Fund to be a party to achieve finality. However, the procedure for making a claim against the Fund does not include naming the Fund as a defendant.

9.      The procedure for making a claim against the Fund is clearly set forth in Ala. Code § 34-14A-15 and Ala. Admin. Code r. 465-X-7-.02. "When a complaint is filed which may result in liability for the homeowners' recovery fund, the complainant shall notify the Board in writing, by certified mail, when the action is commenced." Ala. Code §34-14A-15. When notice is received, the Board, pursuant to Ala. Code §34-14A-15, may enter a limited appearance of record as a non-party on behalf of the Fund solely for the purpose of representing the interests of the Fund pursuant to the statute.

10.     As stated in paragraphs 2 and 3, above, the plaintiffs have timely notified the Board of the civil action; the Board has filed a limited entry of appearance.

11.     Making a claim against the Fund does not require joining the Fund as a party. When the Fund is joined as a party defendant, the plaintiffs have sued the state of Alabama. Joining the state as a defendant requires a vigorous defense by the state; in this case, the state does not believe the plaintiffs intended to sue the state of Alabama, but rather are attempting to safeguard their rights to come to the Fund, as the plaintiffs have done thus far.  The plaintiffs' rights are safeguarded by following the statutory and regulatory provisions for applying to the Fund.  Dismissing the Fund as a party will not affect the plaintiffs' rights to recover from the Fund.

12.     The parties remaining in this case do not object to the dismissal of the Board as a party defendant and file this motion jointly with the Board.  The Board will retain its limited appearance of record as a non-party on behalf of the Fund.

**Wherefore**, all premises considered, the parties and the Board move this honorable Court to dismiss the Homeowners' Recovery Fund of the State of Alabama Home Builders Licensure Board as a party to this action.

Respectfully submitted on this 4th  day of April, 2011.

| | |
|---|---|
| s/Jamie A. Durham DUR 013 | s/Stephen P. Bussman |
| Deputy Attorney General | Attorney for Plaintiff |
| State of Alabama | 212 Alabama Avenue South |
| Home Builders Licensure Board | P.O. Box 680925 |
| 445 Herron Street | Fort Payne, Alabama 35968 |
| Montgomery, Alabama 36130 | Phone: (256) 845-7900 |
| Phone: (334) 242-2230 | Email: sbussman@bussmanlaw.com |
| E-mail: jamie.durham@hblb.alabama.gov | |

s/Shaunathan Bell
P.O. Box 681048
Fort Payne, Alabama 35968
Phone (256) 997-1970
Email: clint_b27@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2011, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notifications of such filing; and I certify that any listed participants not using the CM/ECF system will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day:

Stephen P. Bussman
212 Alabama Avenue South
Fort Payne, Alabama 35968

Shaunathan Bell, Esq.
P.O. Box 681048
Fort Payne, Alabama 35968

s/Jamie A. Durham DUR 013
Deputy Attorney General
State of Alabama
Home Builders Licensure Board
445 Herron Street
Montgomery, Alabama 36130
Phone: (334) 242-2230
E-mail: jamie.durham@hblb.alabama.gov

RF11-018/21795